24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Robby G. ROST, also known as Bobby G. Rost, Appellant.
 No. 93-3972.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 5, 1994.
Filed: May 11, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robby G. Rost appeals the district court's[1] denial of his motion for a new trial. We affirm.
 
 
 2
 Rost was found guilty of conspiracy to distribute methamphetamine, attempt to possess methamphetamine with intent to distribute, use of a communication facility to facilitate a drug trafficking offense, assault on a federal officer, and use of a firearm in connection with a drug-related offense. United States v. Akers, 987 F.2d 507, 509 (8th Cir. 1993). At sentencing, however, Rost's half-brother Donald Osburn, who had testified against Rost at trial, stated that "every drop, word, sentence, of [his] testimony ... was a lie." The sentencing court stated, "it's very obvious that [Osburn] was either lying at the time of the trial or he's lying [now,]" and the court found that Osburn's recantation lacked credibility.
 
 
 3
 After Rost mistakenly raised the issue of Osburn's recanted testimony on appeal, he filed a timely motion for new trial based on newly discovered evidence, arguing that without Osburn's testimony the government did not have a case. The district court found that Osburn's recantation "was not credible," and that "[w]hile the testimony given by Osburn at the time of trial was damaging ..., without the testimony of Osburn the proof of [Rost's] guilt was overwhelming." Accordingly, the court denied Rost's motion. Rost appealed.
 
 
 4
 We review for an abuse of discretion a district court's denial of a motion for a new trial. See United States v. Johnson, 12 F.3d 827, 833-34 (8th Cir.), petition for cert. filed, U.S.L.W. (U.S. Apr. 8, 1994) (No. 93-8638). "A motion for new trial based on recanted testimony should be granted if, among other things, the recantation would probably produce an acquittal on a new trial." United States v. Gayles, 1 F.3d 735, 737 (8th Cir. 1993). "The question of whether recanted testimony 'would probably produce an acquittal on retrial' rests in large part on the credibility of the recantation," and we review for clear error the district court's determination on the reliability of the recantation. United States v. Provost, 969 F.2d 617, 620-21 (8th Cir. 1992) (quoted case omitted), cert. denied, 113 S. Ct. 986 (1993).
 
 
 5
 We conclude that the district court's finding that Osburn's recantation was not credible is not clearly erroneous. Therefore, the district court did not abuse its discretion in denying Rost's motion. In addition, we find that the evidence against Rost was strong enough that Osburn's recantation probably would not result in an acquittal if a new trial were granted.
 
 
 6
 Accordingly, we affirm judgment of the district court.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri